IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016


**STATE OF TENNESSEE v. AMY DENISE FRANKLIN**

**Appeal from the Circuit Court for Sevier County**
**No. 17627III      Rex Henry Ogle, Judge**

_____

**No. E2015-01619-CCA-R3-CD – Filed May 13, 2016**

_____


Amy Denise Franklin's ("the Defendant") probation officer filed an affidavit alleging that she had violated five rules of probation and had absconded. Following a hearing, the trial court revoked her probation and ordered her to serve the balance of her sentence in confinement. On appeal, the Defendant argues that the trial court abused its discretion by ordering her to serve her sentence in confinement without considering alternatives to incarceration. After a review of the record and applicable law, we conclude that the trial court did not abuse its discretion. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Edward C. Miller, District Public Defender; Amber D. Haas, Assistant Public Defender, Sevierville, Tennessee, for the appellant, Amy Denise Franklin.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; James B. (Jimmy) Dunn, District Attorney General; and R. Patrick Harrell, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

**I. Factual and Procedural Background**

On October 29, 2013, the Defendant pleaded guilty to driving on a revoked, suspended, or cancelled license and possession of over .5 ounce of marijuana with intent

to sell or distribute.  The trial court sentenced the Defendant to an effective six years, one year to be served in jail and the balance of her sentence to be served on probation.

On May 19, 2015, the Defendant's probation officer filed a document titled "Violation of Probation" which contained an affidavit alleging that the Defendant had violated five rules of probation and had absconded.  Specifically the affidavit stated that the Defendant violated Rule 4 by failing to provide proof of "a lawful occupation" and Rule 5 by failing to report.  The affidavit also stated that as a result of the Defendant's not reporting as required, the Defendant violated Rule 7 by failing to be available for a search and Rule 9 by failing to make herself available to be drug tested.  Finally, the affidavit stated the Defendant violated Rule 9 by failing to pay court costs and supervision fees.

At the probation revocation hearing, Michael Gulley, the Defendant's probation officer, testified that the Defendant last reported to the probation office on December 4, 2014, and that when the probation officer conducted home checks on January 12 and February 25, 2015, no one was home.  During the February visit, a neighbor advised the probation officer that the Defendant no longer lived at that address.  On March 13, 2015, the Defendant was instructed via mail to report to the probation office on March 23, 2015, but she did not comply.  Several attempts were made to reach the Defendant by phone.  Officer Gulley testified that the Defendant owed $3,270.50 in court costs and $1,038.00 in supervision fees.  He stated that, by failing to report, the Defendant made herself unavailable for drug screens and searches.

On cross-examination, Officer Gulley testified that the Defendant had not received any new charges and that this incident was the first time she failed to report during the year and three or four months she had been on probation.  Officer Gulley also said the Defendant's probation record contained no failed drug tests prior to her failure to report.

The Defendant testified that she did not have an excuse for failing to report.  She stated that she "had a total relapse on drugs[.]"  She explained, "The place I was living was bad.  There was [sic] drugs everywhere[,] and I ended up falling into it as before."  The Defendant said she had completed an intensive outpatient program and asked for "one more last chance."  The Defendant told the court that she "now had a good home, no drug environment [and] a good job" at Little Valley Resort in Pigeon Forge.  She also stated that her employer was "willing to catch up all [her] fines and fees."  The Defendant said she was willing to complete another intensive outpatient treatment "and maybe do aftercare" until she was finished with her probation.

The trial court found that the Defendant "had failed to abide by the terms of her probation, that she failed to report."  The trial court noted that the Defendant admitted "that she fell back into taking drugs."  The trial court also noted that the Defendant had

two prior parole violations and that she had "some very serious offenses on her record," including "three aggravated robbery convictions." The Defendant's "Criminal History Report," included in the record on appeal, showed that the Defendant had a history of criminal convictions dating back to 1990, including eight felony convictions and six misdemeanor convictions. As to the Defendant's request to be placed back into treatment, the trial court stated, "I mean, everybody when they get in a bind wants treatment and everything else like that, but she's had years and years to get treatment." The trial court found that the Defendant was in willful violation of her probation and ordered her to serve her sentence in custody. This timely appeal followed.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion in ordering the Defendant to serve her sentence in confinement without considering alternatives to incarceration. Additionally, the Defendant asserts that the trial court put "great emphasis" on the Defendant's prior criminal history when revoking probation. The State argues that the trial court did not abuse its discretion when it revoked the Defendant's probation and ordered her to serve her sentence in confinement. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2014); State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). Proof of a violation does not need to be established beyond a reasonable doubt. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. Id. If the record clearly shows that "the trial judge exercised conscientious judgment in making the decision rather than acting arbitrarily[,]" there is no abuse of discretion. State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995).

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years." State v. Brandon L. Brawner, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e); State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999)). The

- 3 -

determination of the proper consequences of the probation violation embodies a separate exercise of discretion. State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

A trial court may not revoke probation based on past criminal acts that were known to the trial court at the time probation was originally granted. State v. Marcus Nigel Davis, No. E2007-02882-CCA-R3-CD, 2008 WL 4682238, at *5 (Tenn. Crim. App. Oct. 23, 2008). However, the trial court may review a defendant's past criminal history in order to determine, based on a totality of the circumstances, "whether the beneficial aspects of probation [are] being served" and whether the defendant is amenable to continued probation. Id.

In this case, the trial court first found that the Defendant had failed to abide by the terms of her probation by failing to report to the probation office. The record clearly shows that the Defendant had not reported to the probation office for five months prior to the issuance of the revocation warrant and that probation officers were unable to contact the Defendant. Further, the Defendant admitted that she had failed to report due to a "total relapse on drugs[.]" The Defendant's admission that she violated the terms of her probation, alone, constitutes substantial evidence to support the revocation of probation. See State v. Christopher Nathaniel Richardson, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), no perm. app. filed. The trial court did not abuse its discretion when it found that the Defendant violated Rule 5 of her probation by failing to report.

After determining the Defendant had violated her probation, the trial court next determined whether her probation should be revoked. The trial court noted that the Defendant had several prior convictions and two parole revocations. The trial court found that by the Defendant's own admission, the reason she failed to report to probation was due to a drug relapse. The trial court stated that the Defendant had "years and years" to get treatment for her drug addiction.

Accordingly, the trial court revoked the Defendant's probation based on conduct which occurred subsequently to the grant of probation, and considered the Defendant's criminal history solely to determine "whether the beneficial aspects of probation were being served." See Marcus Nigel Davis, 2008 WL 4682238, at *5. The trial court did not abuse its discretion when it revoked the Defendant's probation and ordered her to serve her sentence in confinement.

## III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR, JUDGE